September 3, 2020

**BY ECF**
Honorable Paul A. Engelmayer
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

>    Re:   *Open Society Justice Initiative v. Office of the Director of National Intelligence,*
>          No. 20 Civ. 06625 (PAE)

Dear Judge Engelmayer:

We write pursuant to the Court's August 21, 2020 order, ECF No. 7, determining that the instant case ("*OSJI II*") is related to the FOIA litigation pending before the Court in *Open Society Justice Initiative v. Central Intelligence Agency*, et al., No. 19 Civ. 234 (PAE) (BCM) ("*OSJI I*"). That order directed the parties to submit a joint letter setting out their views as to "a plan for the prompt adjudication of the claims in the newly filed case," so as "[t]o assure the efficient and coordinated litigation of these issues."

**Consolidation.** *Plaintiff's position.* Plaintiff requests that the two cases be consolidated. Rule 42 provides that the Court may "consolidate" two or more actions if the "actions before the court involve a common question of law or fact." Fed. R. Civ. P. 42(a). Here, Plaintiff believes that there are common questions of law and fact in the two cases. Plaintiff's FOIA requests in the two cases involve a common defendant, the Office of the Director of National Intelligence (ODNI) and concern the same subject matter, *viz*, records related to the Khashoggi killing. Plaintiff's first summary judgment motion in *OSJI I* seeks disclosure, *inter alia*, of a CIA report on individuals responsible for the killing, among other CIA and ODNI records related to the killing. *OSJI II* similarly seeks disclosure of an ODNI report on individuals responsible for the killing. Given that the factual context is virtually the same for the two cases and the Defendants in both cases are intelligence agencies, it is likely the same FOIA exemptions (and indeed, similar Government declarations) will be at issue in *OSJI II* as in *OSJI I*, even if ODNI does not intend to invoke the "no number no list" response in *OSJI II*. Because of the common questions of law and fact, it would be inefficient to address the two cases separately and sequentially. Consolidation would be the best way of ensuring consistent, efficient, and coordinated litigation of the similar factual and legal issues presented by the two cases. It would also be the most efficient and coordinated way to litigate any appeals ensuing from the two cases.

*Government's position.* The government does not believe that consolidation of this case with *OSJI I* would be appropriate or efficient at this time. While the parties in the cases are the same and the FOIA requests concern related subjects, it is not currently clear whether resolution of these cases will turn on common questions of law or fact. To take one concrete example, ODNI does not anticipate providing a no number, no list response to this FOIA request; by contrast, in *OSJI I*, the permissibility of that response is central to the pending summary judgment motions involving ODNI. Moreover, as a practical matter, it is not clear that consolidation would offer any concrete benefit. ODNI agrees that the cases are related and thus both properly assigned to Your Honor. Thus, the efficiencies to be gained by the Court's familiarity with factual and legal background will be present regardless of whether the cases are formally consolidated.

**Response to FOIA request; scheduling**

*Plaintiff's proposal.* Plaintiff proposes that the Court hold in abeyance the summary judgment motions that are currently pending in *OSJI I* until summary judgment briefing in *OSJI II* is completed. Plaintiff further proposes that ODNI respond to Plaintiff's FOIA request no later than September 21, 2020, the day an answer is due in the instant case, and that a summary judgment briefing schedule be set in *OSJI II* as follows: Defendant ODNI files its motion for summary judgment approximately a month after September 21, Plaintiff files its brief in support of summary judgment and opposition to ODNI's motion approximately a month thereafter, and each party has approximately two weeks (adjusted for Thanksgiving and December holidays) to file reply briefs. This could allow for both cases to be adjudicated together in an efficient and timely manner.

*Government's proposal.* Because of limited staffing in its FOIA office due to the pandemic, ODNI's FOIA resources are severely constrained. As a result, ODNI intends to respond to Plaintiff's FOIA request on or before Friday, October 9, and respectfully requests that the Court adopt October 9, rather than September 21, 2020, as the deadline for ODNI to respond to Plaintiff's FOIA request. The government does not support holding the motions pending in *OSJI I* in abeyance. As described above, it is not clear whether there will be any overlap between the issues presented in this case and those already briefed in *OSJI I*, such that a joint decision would be efficient for the Court. To the extent any overlap exists, it is possible that the Court's ruling on the pending motions in *OSJI I* may help inform the parties' attempts to resolve (or, failing agreement, litigate) the issues in this case. However, there is no reason, in the government's view, to delay either case. For these reasons, the government proposes that if the parties are unable to resolve any disputes, the Court set a briefing schedule similar to the one proposed by Plaintiff, but running from an October 9, 2020 response date.[1] If the Court issues a decision in *OSJI I* either prior to or during the course of summary judgment briefing in *OSJI II*, the parties can address that decision in their briefing to the extent relevant.

We thank the Court for its attention to this matter.

---

[1] Accordingly, the Government's proposed schedule would be: ODNI file any motion for summary judgment by November 9, 2020; Plaintiff file any motion for summary judgment and its opposition to ODNI's motion by December 9, 2020; ODNI file its reply brief by December 23, 2020; and Plaintiff file its reply brief by January 6, 2020.

Respectfully submitted,

By: */s/ Catherine Amirfar*
Catherine Amirfar
(camirfar@debevoise.com)
Matthew Forbes
(mforbes@debevoise.com)
Ashika Singh
(asingh@debevoise.com)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Tel.: (212) 909-6000

Amrit Singh
James A. Goldston
OPEN SOCIETY JUSTICE INITIATIVE
224 West 57th Street
New York, New York 10019
Tel.: (212) 548-0600
Email:
amrit.singh@opensocietyfoundations.org
*Counsel for Plaintiff*

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York

By: */s/ Natasha W. Teleanu*
PETER ARONOFF
NATASHA W. TELEANU
Assistant United States Attorneys
Telephone: (212) 637-2697/2528
Facsimile: (212) 637-2717
E-mail: peter.aronoff@usdoj.gov
           natasha.teleanu@usdoj.gov

*Counsel for Defendant*