**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OPEN SOCIETY JUSTICE INITIATIVE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CENTRAL INTELLIGENCE AGENCY, et<br>al.,<br><br><br>　　　　Defendants. | Civil Action No. 19-00234-PAE |

**SUPPLEMENTAL DECLARATION OF VANNA BLAINE,**
**INFORMATION REVIEW OFFICER,**
***CENTRAL INTELLIGENCE AGENCY***

I, VANNA BLAINE, hereby declare and state:

**I.    Introduction**

1. I submit this declaration in conjunction with my classified supplemental declaration in support of the Central Intelligence Agency's ("CIA's" or "Agency's") second motion for summary judgment in this case.  The purpose of this declaration is to provide the Court with an explanation of the CIA's withholding in full of the CIA assessment relating to the

1

killing of Jamal Khashoggi (the "CIA Report") pursuant to
Freedom of Information Act ("FOIA") Exemptions 1 and 3.

2. I am the Information Review Officer ("IRO") for the
Litigation Information Review Office ("LIRO") at the CIA and
have worked in this capacity since February 2020. Previously, I
served as the Deputy IRO for LIRO and as an Associate
Information Review Officer for the CIA's Director's Area.

3. In my current capacity, I am the Agency official
responsible for classification review of CIA information that is
requested under the FOIA, 5 U.S.C. § 552, the Privacy Act, 5
U.S.C. § 552a, and other records access provisions. As the
Information Review Officer for the CIA's Litigation Information
Review Office, I have original classification authority at the
TOP SECRET level pursuant to section 1.3(c) of Executive Order
(E.O.) 13526, 75 Fed. Reg. 707 (Dec. 29, 2009), which authorizes
me to assess the current, proper classification of CIA
information, up to and including TOP SECRET information, based
on the classification criteria outlined in Executive Order
(E.O.) 13526, 75 Fed. Reg. 707 (Dec. 29, 2009), and applicable
regulations. It is my responsibility to ensure that any
determination concerning the release or withholding of CIA
information is proper and does not jeopardize the national
security.

4. I understand that my predecessor has submitted an

unclassified declaration in this case, dated December 9, 2019, and I incorporate by reference the procedural history and facts set forth in that declaration. In particular, I have determined that all of the facts set forth in that declaration and that underlie the CIA's "no number, no list" position remain accurate.

5.   I understand the Open Society Justice Initiative has indicated through counsel that it seeks to challenge the Agency's withholding in full of the CIA Report. As I describe below, the Agency is withholding the CIA Report pursuant to FOIA Exemption 1, 5 U.S.C. § 552(b)(1), and FOIA Exemption 3, 5 U.S.C. § 552(b)(3), because it contains classified and statutorily protected information pertaining to intelligence sources and methods. The CIA has coordinated with both the Office of the Director of National Intelligence (ODNI) and the National Security Council on the CIA's assertion of the (b)(1) and (b)(3) exemptions. This declaration explains, to the extent I am able to do so on the public record, the information withheld and the justifications for withholding it. For additional explanation of the CIA's invocation of FOIA Exemptions 1 and 3 with respect to the CIA Report, I refer the Court to my classified supplemental declaration in this case. I make the following statements based on my personal knowledge and

information that has been made available to me in my official
capacity.

## II. Exemption 1: Classified National Security Information

6. Exemption 1 protects from public disclosure matters that
are:

> (A) specifically authorized under criteria established by an
> Executive order to be kept secret in the interest of national
> defense or foreign policy and (B) are in fact properly
> classified pursuant to such Executive order. 5 U.S.C. §
> 552(b)(1).

7. The CIA has withheld the CIA Report in full pursuant to
FOIA Exemption 1. The Report meets all of the current
requirements for classification set forth in E.O. 13526, which
provides that information may be originally classified only if
all of the following conditions are met: (1) an original
classification authority is classifying the information; (2) the
information is owned by, produced by or for, or is under the
control of the U.S. Government; (3) the information falls within
one or more of the categories of information listed in section
1.4 of E.O. 13526; and (4) the original classification authority
determines that the unauthorized disclosure of the information
reasonably could be expected to result in damage to the national
security, and the original classification authority is able to
identify or describe the damage.

8. At the threshold, the CIA Report is owned by and is under the control of the U.S. Government. Furthermore, the CIA Report was and remains currently and properly classified at the TOP SECRET level, and properly marked in accordance with section 1.6 of the E.O. 13526.[1] The information withheld has not been classified in order to conceal violations of law, inefficiency, or administrative error; prevent embarrassment to a person, organization, or agency; restrain competition; or prevent or delay the release of information that does not require protection in the interests of national security, in accordance with section 1.7 of E.O. 13526.

9. The CIA Report also falls within one or more categories of information listed in section 1.4 of E.O. 13526. Specifically, the CIA Report contains information pertaining to "intelligence activities (including covert action), intelligence sources or methods," which is properly classified pursuant to section 1.4(c) of E.O. 13526. Revelation of the intelligence information in the CIA Report reasonably could be expected to cause exceptionally grave damage to the national security.

---

[1] The CIA Report is also subject to special handling controls that further restrict dissemination and handling of the document. Accordingly, my classified supplemental declaration, which addresses the CIA Report, is being lodged at the CIA, rather than with the Department of Justice Classified Information Security Officer (CISO), in coordination with the Court, CISO, and CIA security personnel. In accordance with the applicable handling controls, the CIA will make arrangements for the Court to review the classified supplemental declaration at a time that is convenient to the Court.

10. Disclosure of the CIA Report would reveal details regarding the nature, volume, and timing of the intelligence information available to the CIA as of November 2018, less than two months after Mr. Khashoggi was killed. Disclosure would also reveal information about the extent of the CIA's clandestine intelligence capabilities, how quickly the Agency was able to mobilize those capabilities to collect or corroborate information, and potential gaps in the CIA's information and collection capabilities. If there is information in the ODNI Assessment that is absent from the CIA Report, for example, it could suggest that the Agency lacked certain collection capabilities in 2018 that it now possesses. If the information in the ODNI Assessment and CIA Report overlaps, it could suggest that the CIA maintained certain collection capabilities as far back as 2018. Disclosure of this information would enable our adversaries to enhance their intelligence activities against the United States and take countermeasures against us, thereby causing exceptionally grave harm to U.S. national security.

11. Release of the CIA Report would not only reveal specific intelligence information available to the CIA as of the time of the Report, but also the intelligence sources and methods used to collect that information and potential gaps in the Intelligence Community's (IC's) collection capacity. I am not able to reveal on the public record the specific types of

intelligence sources and methods described in the CIA Report
without revealing information that is itself classified and
statutorily protected.

12. In general terms, where a source is an individual, the
CIA promises to protect the identities of its sources and their
relationship with the CIA because an individual who is revealed
to be an Agency source could become the victim of harassment,
imprisonment, or death. If an intelligence asset provides
valuable information to the CIA, every detail of that
information, from the substance to the timing of its collection,
is information that, if exposed, could connect the source to
that information, thus endangering the source. The loss of such
a source and the critical intelligence that the source provides
reasonably could be expected to cause exceptionally grave harm
to U.S. national security.

13. Where a source is a foreign government or other foreign
entity, disclosure that the source provided information about a
specific topic, and the specific information provided, without
authorization from the foreign government or entity would
constitute a serious breach of trust that would almost certainly
impair a relationship important to U.S. national security. The
attendant reputational harm to the CIA of disclosing classified
information from a foreign government or entity without its
authorization would also risk the loss of potential assistance

from other foreign governments that require confidentiality to
convey sensitive information, which is critical to confronting
threats to our national security. Damage to these important
relationships reasonably could be expected to cause
exceptionally grave harm to U.S. national security.

14. I am aware that the Director of National Intelligence
declassified and publicly released an Intelligence Community
assessment, dated February 11, 2021, entitled "Assessing the
Saudi Government's Role in the Killing of Jamal Khashoggi" (the
"ODNI Assessment"). I am also aware that the ODNI has produced
to the Plaintiff in this case a redacted version of the National
Intelligence Council Memorandum, dated February 7, 2020,
entitled "Saudi Arabia:  Crown Prince Probably Authorized
Khashoggi Operation" (the "Redacted NICM"). I have carefully
considered the information released in the ODNI Assessment and
the Redacted NICM to determine whether any information in the
CIA Report should be released in light of those disclosures.

15. The CIA Report is very different from the ODNI
Assessment and the Redacted NICM because the CIA Report
discusses specific intelligence information, and the sources and
methods from which that information was derived.[2] I understand
that the ODNI Assessment was drafted with the intent that it

---

[2] The CIA cannot describe the precise scope of or topics addressed in the CIA
Report on the public record without revealing exempt information.

would be declassified and released to the public. Although it contains an assessment of the Saudi Government's role in the killing of Mr. Khashoggi, and a general description of information supporting that assessment, it does not identify the specific intelligence sources and methods of that information. Similarly, specific information regarding intelligence sources and methods has been redacted from the Redacted NICM that was produced to the Plaintiff. As explained in detail in my classified supplemental declaration, although it addresses the same subject matter, the CIA Report contains a different level of specificity, including discussion of specific intelligence sources and methods, and other differences from the ODNI Assessment and Redacted NICM. To the extent the CIA Report contains information that overlaps with information in the ODNI Assessment or the 2020 NICM, I have concluded that it cannot be released without revealing information pertaining to intelligence sources and methods that remains properly classified, for reasons explained in my classified supplemental declaration.

16. For these reasons, and the reasons set forth in my classified supplemental declaration, I have determined that disclosure of the CIA Report reasonably could be expected to cause exceptionally grave harm to U.S. national security and that this information is therefore currently and properly

classified information exempt from disclosure pursuant to

Exemption 1.

## III. Exemption 3: Sources and Methods Information

17. Exemption 3 protects from public disclosure matters that

are:

> specifically exempted from disclosure by statute (other than
> section 552b of this title), if that statute (A) requires
> that the matters be withheld from the public in such a manner
> as to leave no discretion on the issue; or (B) establishes
> particular criteria for withholding or refers to particular
> types of matters to be withheld. 5 U.S.C. § 552(b)(3).

Section 102A(i)(1) of the National Security Act of 1947, as

amended, states "the Director of National Intelligence shall

protect sources and methods from unauthorized disclosure." 50

U.S.C. § 3024(i)(1). This provision of the National Security Act

constitutes a withholding statute within the meaning of Exemption

3, 5 U.S.C. § 552(b)(3). The DNI has delegated authority to protect

intelligence sources and methods from unauthorized disclosure

under this provision to the CIA.

18. I have determined that Exemption 3 in conjunction with

the National Security Act applies to the same information withheld

by the CIA pursuant to Exemption 1 because its disclosure would

identify intelligence sources and methods. Although no showing of

harm to national security is required under the National Security

Act, the release of the CIA Report would significantly impair the

Agency's ability to carry out its core mission of collecting
intelligence.

## IV.  Segregability

19. After conducting a line-by-line review of the CIA
Report, including a detailed comparison of the contents of the
CIA Report with those of the ODNI Assessment and Redacted NICM,
I have determined that no non-exempt portions of the Report can
reasonably be segregated or released without jeopardizing
information that is classified and statutorily protected. My
classified supplemental declaration contains additional
information regarding why it is not possible to segregate and
release any non-exempt information from the Report.

* * *

I declare under penalty of perjury that the foregoing is true

and correct.

Executed this 10th day of May 2021.


Vanna Blaine
Information Review Officer
Litigation Review Office
Central Intelligence Agency